UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE MORRISON, individually and on behalf of all other similarly-situated current citizens of Missouri,<br><br>Plaintiffs,<br><br>v.<br><br>AMPLIFY SNACK BRANDS, INC.<br><br>Defendant. | Case No.<br><br>State Court No.: 1722-CC00350<br><br>**JURY TRIAL DEMANDED** |

## AMPLIFY SNACK BRANDS, INC.'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI:

**PLEASE TAKE NOTICE** that Defendant Amplify Snack Brands, Inc. ("Amplify") hereby removes this action from the Circuit Court of the City of St. Louis in the State of Missouri to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In accordance with 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal.

### I.      THE COMPLAINT AND STATE COURT PROCEEDINGS

1. On January 27, 2017, Plaintiff Dominique Morrison filed an action against Amplify, entitled *Dominique Morrison, individually and on behalf of all other similarly-situated current citizens of Missouri v. Amplify Snack Brands, Inc.*, Case No. 1722-CC00350, in the Circuit Court of the City of St. Louis for the State of Missouri.

2. On February 3, 2017, Amplify received a copy of the Complaint, Summons, and Notice and Acknowledgement Form via U.S. Mail. True and correct copies of these documents are attached hereto as Exhibits 1-3.

3. The Complaint purports to allege causes of action against Amplify for violation of the Missouri Merchandising Practices Act, § 407.020, RSMo. ("MMPA"), as well as a common law claim for unjust enrichment, regarding the labeling of Paqui Roasted Jalapeno and Grilled Habanero Tortilla Chips.

## II. JURISDICTION AND VENUE

4. As is set forth more fully below, this is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), and is an action which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, the amount in controversy sought by Plaintiff exceeds the sum of $75,000 and Amplify is not a citizen of Missouri, the forum state.

5. Venue is proper in this Court because this Court embraces the City of St. Louis, where the underlying state court action was filed. 28 U.S.C. § 1441(a).

## III. DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

6. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); 28 U.S.C. § 1332(a)(1) (District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States").

A.     **The Amount in Controversy Exceeds $75,000**

7.     Where, as here, a complaint does not specify the amount in controversy, the proponent of federal jurisdiction must establish the amount in controversy by a preponderance of the evidence. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). The relevant inquiry "is not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude they are." *Raskas v. Johnson & Johnson,* 719 F.3d 884, 887 (8th Cir. 2013) (internal quotations omitted).

8.     While Amplify denies the allegations set forth in the Complaint and maintains that Plaintiff is not entitled to any of the relief she seeks, in determining the amount in controversy, "[t]he demonstration concerns what the plaintiff is claiming … not whether plaintiff is likely to win or be awarded everything he seeks." *Hartis v. Chicago Title Ins. Co*., 694 F.3d 935, 945 (8th Cir.2012) (internal quotations omitted).   The Court must set aside the merits of Plaintiff's Complaint and simply evaluate what might be at stake in the litigation if the Plaintiff were to prevail.

9.     Plaintiff's Complaint seeks compensatory damages, disgorgement or restitution. (Ex. 1, Prayer ¶ c.)  Plaintiff also seeks injunctive relief.  (*Id.* ¶ d.)  Plaintiff further seeks an award of attorney's fees and costs and post-judgment interest.  (*Id.*  ¶¶ e, f.)

10.    In ascertaining the amount in controversy for purposes of establishing federal jurisdiction, "[s]tatutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction." *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Peacock & Peacock, Inc. v. Stuyvesant Ins. Co.*, 332 F.2d 499, 502 (8th Cir. 1964); *Young v. State Farm Fire & Casualty Co.*, No. 4:08CV1891MLM, 2010 WL 173832, at *1-2 (E.D. Mo. January 15, 2010).  Consequently, even in a circumstance, such as this one, where the actual damages sought by a plaintiff are relatively nominal, the amount in controversy requirement to establish federal

jurisdiction may nonetheless be satisfied once the attorney's fees provided for by the MMPA are factored in to the calculation. *See Claxton v. Kum & Go, L.C.*, No. 6:14–cv–03385–MDH, 2014 WL 6685816 at *2-4 (W.D. Mo. November 26, 2014) (in putative class action where plaintiff asserted claims under, *inter alia*, the MMPA for alleged mislabeling of gasoline, defendant satisfied its burden to prove the amount in controversy met the threshold for federal jurisdiction notwithstanding that plaintiff only sought $4,840.49 in actual damages because attorney's fees and punitive damages were properly included in damages calculation); *Dowell v. Debt Relief America, L.P.*, No. 2:07-CV-27 (JCH), 2007 WL 1876478 at *2 (E.D. Mo. June 27, 2007) (amount in controversy requirement satisfied in putative class action although plaintiff's actual damages were less than $10,000 because MMPA allows for the recovery of punitive damages and attorney's fees which are factored in to amount that plaintiff could recover).

11. The value of the equitable relief sought by Plaintiff is also taken into account to ascertain the amount in controversy for federal jurisdiction. *See Saab v. Home Depot U.S.A., Inc.*, No. 06-0319-CV-W-SOW, 2006 WL 1877077, at *1-3 (W.D. Mo. July 6, 2006) (in putative class action alleging, *inter alia,* violations of MMPA, defendant met burden of establishing by preponderance of the evidence that value of equitable relief sought by plaintiff - - "to permanently enjoin [defendant] from continuing to engage in conduct with respect to the Damage Waiver provision contained in its Rental Agreements which is unlawful under the Missouri Merchandising Practices Act" - - may exceed $75,000). *See also Green Earth Cleaning, LLC v. Collidue Invest France*, No. 09–0329–CV–W–GAF, 2009 WL 1766716 at *2 (W.D. Mo. June 23, 2009); *United Seating & Mobility, LLC v. Homen,* No. 4:05CV2208JCH, 2006 WL 473739 at *2-3 (E.D. Mo. February 28, 2006).

12. The MMPA provides for the possibility of an award of punitive damages and attorney's fees to a prevailing party. *See* Mo.Rev.Stat. § 407.025.1 (2011) ("The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended …").

13. Here, the amount of possible attorney's fees, alone, exceeds $75,000. (Declaration of Matthew Borden ("Borden Decl."), Ex. 1.) In specific, defending similar litigation can take years, cost hundreds of thousands of dollars, and trials can go for at least two weeks. (*Id.*)

14. Labeling litigation often involves multiple motions to dismiss under Rule 12(b), extensive document collection, review and production, numerous depositions of company personnel, third-party depositions (and sometimes motion practice related thereto) of suppliers, retailers and other industry members, extensive work with experts and survey firms regarding consumer understanding, labeling, marketing, and the pricing of substitute goods, discovery motion practice, motion(s) for summary judgment, witness interviews, trial preparation, trial briefs, motions in limine, jury questionnaires, jury instructions, and multiple court appearances. (Borden Decl. ¶¶ 5-16.) Any of the facets of the litigation by themselves, e.g., motion practice, discovery, pre-trial filings, or trial itself are likely to generate more than $75,000 in legal fees for Plaintiff's lawyers, exclusive of any issues related to the purported "class" claims. (*Id.*) Taken together, these potential liabilities for legal fees easily satisfy the amount in controversy.

15. Separately, Plaintiff seeks injunctive relief and punitive damages. If such relief were granted, it would likely exceed $75,000 in value. (Borden Decl. ¶ 17.)

16. Based on the foregoing, the amount in controversy requirement is met.

**B.     Plaintiff (and the Members of the Putative Class) Are Citizens of a Different State than Amplify**

17.     Plaintiff (and the putative class) are all citizens of Missouri. (Compl. ¶¶ 6, 2.8)

18.     Amplify is a Delaware corporation with its principal place of business located in Austin, Texas. (Borden Decl. ¶ 2; Compl. ¶ 7.)

19.     As such, Plaintiff is diverse from Amplify, and there is complete diversity under 28 U.S.C. § 1332(a)(1).

**C.     Amplify Is Not a Citizen of the Forum State**

20.     Amplify is not a citizen of Missouri, the forum state, and therefore, the requirements of U.S.C. § 1441(b)(2) are satisfied.

**D.     The Procedural Requirements for Removal Are Satisfied**

21.      28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed to the district court "embracing the place where such action is pending." The Complaint was filed and currently is pending in the Circuit Court of the City of St. Louis in the State of Missouri. This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the venue where the state court action was pending.

22.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto as Exhibits 2-4. A copy of the state court docket is attached hereto as Exhibit 2.

23.     Pursuant to 28 U.S.C. § 1441(d), Amplify will serve written notice of the removal of this action upon all parties promptly. Amplify will also file such notice with the Circuit Court of the City of St. Louis in the State of Missouri as required by 28 U.S.C. § 1446(d).

24.     This Notice of Removal is being filed within the 30-day time period allotted by 28 U.S.C. § 1446(b) because the Complaint was received on February 3, 2017.

## IV.     PRAYER

25.     WHEREFORE, Defendant Amplify prays that this Notice of Removal be deemed good and sufficient and that this action be removed from the Circuit Court of the City of St. Louis in the State of Missouri to the United States District Court for the Eastern District of Missouri, and that this Court have and assume full and complete jurisdiction thereof.

Dated: March 2, 2017                                **BUCKLEY & BUCKLEY, LLC**

/s/ Martin J. Buckley_____
By:  Martin J. Buckley  MO37000
1139 Olive Street, Suite 800
St. Louis, MO 63101
314-621-3434
314-621-3485 (fax)
mbuckley@buckleylawllc.com

*Attorneys for Amplify Snack Brands, Inc.*