IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| DOMINIQUE MORRISON, individually and on behalf of all other similarly-situated current citizens of Missouri, ) ) ) ) Plaintiff, ) ) v. ) ) AMPLIFY SNACK BRANDS, INC., ) ) Defendant. ) | No. _____ **JURY DEMAND** |

Serve by Mail to:

AMPLIFY SNACK BRANDS, INC.
Corporation Service Co. RAGT
211 E. 7th Street, Suite 620
Austin TX 78701-3136

## CLASS ACTION PETITION

Plaintiff, Dominique Morrison, individually and on behalf of all other similarly-situated current citizens of Missouri, allege the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

## CASE SUMMARY

1. This case arises out of Defendant Amplify Snack Brands Inc.'s ("Defendant") deceptive, unfair, and false merchandising practices regarding its Paqui Roasted Jalapeño Tortilla Chips and Paqui Grilled Habanero Tortilla chips (the "Products").

2. On the labels of the Products, Defendant lists Evaporated Cane Juice ("ECJ") as an ingredient. ECJ, however, is not juice at all—it is sugar in disguise. In May 2016, the FDA made clear that "the term 'evaporated cane juice' is false and misleading because it suggests that

1

the sweetener is 'juice' or is made from 'juice' and does not reveal that its basic nature and characterizing properties are those of sugar." The FDA continued: "The term 'evaporated cane juice' is not the common or usual name of any type of sweetener" and "this ingredient should instead be declared on food labels as 'sugar.'"

3. By mislabeling sugar as ECJ, Defendant misleads consumers into thinking the Products have less sugar than they actually contain and/or do not contain added sugar.

4. In addition, by claiming the Products contain ECJ, the label of the Products creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Products contain less sugar than they actually contain and/or do not contain added sugar. Moreover, the overall format and appearance of the label of the Products has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because they create the false impression that the Products contains less sugar than they actually contain and/or does not contain added sugar.

5. Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## PARTIES

6. Plaintiff Dominique Morrison is a Missouri citizen and a resident of St. Louis. On at least one occasion during the Class Period (as defined below), including in October 2016, Plaintiff purchased Defendant's Roasted Jalapeño Tortilla Chips and Grilled Habanero Tortilla Chips at Lucky's Market for personal, family, or household purposes after reviewing the labels, which deceived her. If Plaintiff had known the Products contained sugar disguised as ECJ and/or

2

added sugar, she would not have purchased them or would have paid less for them. The purchase price of the Products was $3.29.

7. Defendant Amplify Snack Brands, Inc. is a Delaware corporation with its principal place of business located in Austin, Texas.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

9. Plaintiff believes and alleges that the total value of her individual claim is, at most, equal to the refund of the purchase price she paid for the Products, or $3.29 each.

10. Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five million dollars ($5,000,000) minimum threshold to create federal court jurisdiction.

11. There is therefore no diversity or CAFA jurisdiction for this case.

12. Defendant cannot plausibly allege that it had sufficient sales of the Products in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

13. This Court has personal jurisdiction over Defendant pursuant to Missouri Code § 506.500, because Defendant has had more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Products for sale throughout the State of Missouri. This Court has specific jurisdiction over Defendant.

14. Venue is proper in this forum pursuant to Missouri Code § 508.010 because Plaintiff is a resident of St. Louis and the injury occurred in St. Louis and because Defendant is not a resident of this State.

15. Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

### ALLEGATIONS OF FACT

16. Defendant manufactures, sells, and distributes snack foods, including the Products.

17. Plaintiff is a consumer who is interested in purchasing foods that do not contain added sugar.

18. Knowing that consumers like Plaintiff are increasingly interested in purchasing products that do not contain added sugar, Defendant has sought to take advantage of this growing market by labeling certain products as containing ECJ instead of sugar.

19. By affixing such a label to the packaging of the Products, Defendant entices consumers like Plaintiff to purchase its Products and to pay a premium for the Products and/or to purchase more of the Products than they otherwise would have had the truth be known.

20. The label of the Products is deceptive, false, unfair, and misleading in that Defendant lists ECJ as an ingredient instead of sugar.

21. ECJ is not juice. It is sugar.

22. By calling added sugar "ECJ," Defendant misleads Plaintiff and reasonable consumers into believing that the Products contain less sugar then they actually do and/or that they contain no added sugar.

23. The FDA could not be more clear: "Sweeteners derived from sugar cane should not be listed in the ingredient declarations by names such as 'evaporated cane juice,' which suggests that the ingredients are made from or contain fruit or vegetable 'juice[.] We consider such representations to be false and misleading[.]"

24. Because of Defendant's deceitful labels, Defendant could charge and Plaintiff and class members paid a premium for the Products.

25. The Products, moreover, were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them due to the ECJ representation.

26. No reasonable consumer would know or should know when reviewing the Products' label that ECJ is sugar.

27. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

## CLASS ALLEGATIONS

28. Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on her own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

> All Missouri citizens who purchased Paqui Roasted Jalapeño Tortilla Chips and/or Paqui Grilled Habanero Tortilla Chips for personal, household, or family purposes in the five years preceding the filing of this Petition (the "Class Period").

29. Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

30. Upon information and belief, the Class consists of at least hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

31. There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

   a. whether the representation that the Products contain ECJ instead of sugar is false, misleading, unfair, and deceptive;

   b. whether Defendant violated the MMPA by selling the Products with false, misleading, and deceptive representations;

   c. whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

   d. whether Defendant was unjustly enriched; and

   e. the proper measure of damages sustained by Plaintiff and Class Members.

32. The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

Electronically Filed - City of St. Louis - January 27, 2017 - 02:50 PM

33. Plaintiff will fairly and adequately protect the interests of Class Members and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a. the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

    b. absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

    c. given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d. when the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

    e. this action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

35. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

Electronically Filed - City of St. Louis - January 27, 2017 - 02:50 PM

36. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. Therefore, class treatment is a superior method for adjudication of the issues in this case.

37. Defendant has acted on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class.

## CLAIMS FOR RELIEF

### COUNT 1

### Violation of Missouri's Merchandising Practices Act

38. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

39. Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

40. Defendant's conduct in representing that the Products contain ECJ when they in fact contains added sugar constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Products

contain ECJ instead of sugar, thereby leading Plaintiff and reasonable consumers to believe that the Products contain less sugar than it actually do and/or do not contain added sugar.

41. In addition, by claiming the Products contain ECJ instead of sugar, the label of the Products creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Products contain less sugar than they actually contain and/or do not contain added sugar  Moreover, the overall format and appearance of the label of the Products has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Products contain less sugar than they actually contain and/or do not contain added sugar.

42. Neither Plaintiff nor any reasonable consumer when reviewing the ingredient list of the Products would know nor should know that ECJ is actually sugar in disguise.

43. Because the Products contain added, disguised sugar, the Products as sold were worth less than the Products as represented, and Plaintiff and Class Members paid a premium for them. Had the truth be known, Plaintiff and Class Members would not have purchased the Products or would have paid less for them.

44. Plaintiff and Class Members purchased the Products for personal, family, or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the products and the value of the products if they had been as represented.

45. Plaintiff also seeks to enjoin Defendant's ongoing deceptive practices relating to its claims on the Products' labels and advertising.

## COUNT II

### Unjust Enrichment

46. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

47. By purchasing the Products, Plaintiff and the class members conferred a benefit on Defendant in the form of the purchase price of the misleading Products.

48. Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would have no sales and make no money.

49. Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations about the Products.

50. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

    a.    grant certification of this case as a class action;

    b.    appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

    c.    award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

    d.    for an award of declaratory and equitable relief declaring Defendant's conduct to be in violation of MMPA and enjoining Defendant from

Electronically Filed - City of St. Louis - January 27, 2017 - 02:50 PM

      continuing to engage in deceptive, unfair, and false marketing of the Products;

e. award pre- and post-judgment interest;

f. award reasonable and necessary attorneys' fees and costs; and

g. for all such other and further relief as may be just and proper.

h.

Dated: January 27, 2017

Dominique Morrison, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff

By: /s/ Matthew H. Armstrong
Matthew H. Armstrong (MoBar 42803)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel:   314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran (MoBar 68659)
STECKLER GRESHAM COCHRAN PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas TX 75230
Tel:   972-387-4040
Email: stuart@stecklerlaw.com

Attorneys for Plaintiff and the Putative Class